## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERWOOD DEJOIE, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. |
| | : | |
| BAYVIEW LOAN SERVICING, LLC, | : | JURY TRIAL DEMANDED |
| Defendants | : | |

### COMPLAINT

1.     The Plaintiff, Sherwood DeJoie, is an adult individual residing at 8894 Pathfinder Road, Breinigsville, Lehigh County, Pennsylvania 18031.

2.     The Defendant, Bayview Loan Servicing, LLC [hereinafter "Bayview"], is a limited liability company believed to be organized under the laws of the State of Florida with offices at 4425 Ponca de Leon Blvd, 5th Floor, Coral Gables, Florida 33146.

### JURISDICTION

3.     This Honorable Court has jurisdiction over this matter at Count One pursuant to the Fair Credit Reporting Act ["FCRA"], 15 U.S.C.A. §1681 et seq. and at Counts Two and Three under the principles of ancillary and pendent jurisdiction.

### COUNT ONE
### (Fair Credit Reporting Act)

4.     The allegations of paragraphs 1 through 3 inclusive are incorporated herein as if fully set forth at length.

5.     The Defendant is reporting derogatory information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

6.     The Plaintiff received a loan modification from Wells Fargo in January of 2013, reducing the interest rate to 2% and reducing the monthly payment substantially.

7.     In August of 2013, the mortgage was transferred to Defendant.

8.     At all relevant times, Plaintiff made full, correct and timely payments to Defendant, Bayview, on the mortgage, as modified, but Defendant raised the interest rate to 3.125% and reported to consumer reporting agencies that Plaintiff was delinquent because he was not paying the amount required prior to modification.

9.     Plaintiff orally, and in writing, advised the error, but Defendant never corrected the error.

10.     Plaintiff has disputed the accuracy of the derogatory information reported by the Defendant to the Consumer Reporting Agency on multiple occasions.

11.     Defendant has not responded to Plaintiff's letter correcting the error to Plaintiff nor the Consumer Reporting Agency.

12.     Defendant has not provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

13.     Defendant has failed to comply with  15 U.S.C. § 1692g in that it has not within 5 days of Plaintiff's initial communication (nor at any other time) sent Plaintiff written documentation of the amount of the debt, the name of the original creditor nor the other information required by the Fair Credit Reporting Act.

14.     Defendant has failed to complete an investigation of Plaintiff's written dispute and provide the results of n investigation to Plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

15.     Defendant has not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

16.     Plaintiff's credit has been damaged.

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendant for willful non-compliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681n and demands actual damages, and statutory attorney fees.

## COUNT TWO
### (Defamation)

17.     The allegations of paragraphs 1 through 16 inclusive are incorporated herein as if fully set forth at length.

18.     The Defendant has falsely reported to third parties that Plaintiff was delinquent on his mortgage.

19.     The claim that Plaintiff was delinquent on the mortgage was false and damaged his credit rating.

20.     Plaintiff was attempting to downsize by selling his home and obtaining a smaller residence, but was thwarted in his efforts by the false and defamatory reports.

21.     Said defamatory statements were calculated to, and did, cause great injury to Plaintiff and to Plaintiff's reputation.

22.     The Plaintiff is entitled to compensatory damages from Defendant in an amount to be determined.

23.    Plaintiff has always enjoyed a good reputation for uprightness of character and competence and worked diligently and conscientiously.

24.    The Plaintiff has met the seven elements of 42 Pa.C.S.A. §8342:

1)    Defamatory comments: accusing Plaintiff of not paying his mortgage is defamatory;

2)    the defamatory claim was published to third parties.

3)    the defamatory comments clearly applied to Plaintiff.

4)    the recipient of the communication indicated it is defamatory;

5)    the recipient of the communication knew that Defendant was communicating about the Plaintiff;

6)    Plaintiff suffered special harm, including loss of economic opportunities;

7)    Defendant communication was not privileged.

25.    At the time Defendant published Defendant's defamatory statements, Defendant knew or reasonably should have known that Defendant's statements were false, and Defendant published the statements with malice toward Plaintiff and/or recklessness and/or negligence.

26.    Defendant's defamatory statements were calculated to and did cause great injury to Plaintiff's reputation.

27.    Plaintiff is entitled to compensatory damages from Defendant because Defendant's defamatory statements are actionable and severely impeached Plaintiff's character, integrity and professional competence.

28.     Due to the outrageous, egregious, intentional, gross, willful, wanton, reckless and malicious nature of Defendant's statements, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands that judgment be entered against Defendant and in Plaintiff's favor in an amount in excess of the compulsory arbitration jurisdiction limits, together with interest, costs of suit, and delay damages as allowed by law.

## COUNT THREE
### (False Light)

29.     The allegations of paragraphs 1 through 28 inclusive are incorporated herein as if fully set forth at length.

30.     As part of Defendant's campaign of slander, and defamation of Plaintiff as aforesaid, Defendant has place Plaintiff in a false light and initiated a major misrepresentation of Plaintiff's character to the public.

31.     Defendant has repeatedly denigrated Plaintiff's commercial character, fitness for paying his mortgage.

32.     Defendant, with the specific intent to harm Plaintiff, has interfered with said interest.

33.     Plaintiff has been greatly damaged, as aforesaid, as a result of Defendant's interference and suffered a loss of economic opportunity.

34.     As a direct and proximate result, Plaintiff has been subject to damage to his commercial reputation and other interests, and has been caused great mental anguish and pain, for which Plaintiff is entitled to compensatory damages in an amount to be determined.

35.    Due to the outrageous, egregious, intentional, gross, willful, wanton, reckless, and malicious nature of Defendant's statements, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands that judgment be entered against Defendant and in his favor in an amount in excess of the compulsory arbitration jurisdiction limits, together with interest, costs of suit and delay damages as allowed by law.

*THE ORLOSKI LAW FIRM*

Richard J. Orloski
Attorney for Plaintiff
Attorney I.D. #09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
(610) 433-2363